UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   v.

ISIAH PIERCE,

       Defendant.

17-CR-32
DECISION AND ORDER

On November 22, 2017, a jury convicted Isiah Pierce on seven of nine counts charged against him in the superseding indictment, including possessing controlled substances with the intent to distribute them, maintaining a drug-involved premises, possessing a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm. Docket Item 72. All counts on which Pierce was convicted involved drugs or weapons found in the upper apartment at 70 Henrietta Street, Buffalo, New York. *Id.* The jury acquitted Pierce of conspiracy and possessing cocaine base that was found in the interview room where Pierce was taken after his arrest. *Id.*

After he was convicted and while sentencing was pending, Pierce asked for a new attorney. Docket Item 114. On April 9, 2018, this Court appointed new counsel to represent Pierce, Docket Item 115, and on April 23, 2018, Pierce moved under Fed. R. Crim. P. 33 for a new trial due to the alleged ineffective assistance of his trial counsel, Docket Item 118. The Court held oral argument and set a further briefing schedule on July 9, 2018. Docket Item 135. But the newly-appointed defense attorney became ill, and so the Court appointed another attorney on July 31, 2018. Docket Item 143. After new counsel asked for additional time to submit papers, *see* Docket Item 150, briefing

was completed on December 22, 2018, and the Court heard oral argument on January 25, 2019, Docket Item 171.

Pierce contends that his trial counsel was ineffective because he did not move to suppress physical evidence illegally obtained on December 1, 2016, when law enforcement stopped and searched a vehicle that Pierce was driving.  Docket Item 156 at 2.  The government argues that Pierce's motion should be denied because he cannot show that the hypothetical suppression motion would have been meritorious.  Docket Item 162 at 2.  For the reasons below, this Court denies Pierce's motion for a new trial.

## **BACKGROUND**

The Court assumes the parties' familiarity with the facts underlying Pierce's offenses and briefly recounts only those most relevant to Pierce's Rule 33 motion.

On December 1, 2016, the Erie County Sheriff's Department was conducting surveillance of suspected drug trafficking at 70 Henrietta.  Law enforcement officers observed Pierce arrive in a Dodge Charger, enter 70 Henrietta, and, a short time later, drive away in a Chevrolet Equinox registered to his co-defendant, Larry Willis.  Docket Item 156 at 4.  Officers stopped the Equinox about a mile away for having excessive window tint.  *See id.*; N.Y. VEH. & TRAF LAW § 375 (12-a)(b)(2) (McKinney 2018)) ("No person shall operate any motor vehicle . . . [the] side windows of which . . . are composed of . . . any material which has a light transmittance of less than seventy percent.").  Deputy Cully Ferrick wrote Pierce a ticket charging that violation.  Docket Item 156, Exhibit A.

While Pierce was stopped and still in the vehicle, Detective Timothy Donovan arrived on the scene.  Docket Item 136 at 6.  Detective Donovan spoke to Pierce and

"asked him to step out of the vehicle because [he] smelled the odor of marijuana." *Id.* Law enforcement searched the vehicle and recovered keys, five cell phones, a black wallet, and "loose marijuana." Docket Item 156, Exhibit B; *see also id.* at 7,19.

The keys—and the key ring holding them—were central to the prosecution and are central to this motion. One key opened the front exterior door of 70 Henrietta; another opened the upper apartment; and a third opened a padlocked room in the apartment. Docket Item 156 at 5-6. On the key ring with them was a Bonus Card for Tops Supermarket in the name of Courtney Brouse, Pierce's girlfriend. Docket Item 156 at 5-6. Detective Donovan could not recall at trial whether he found the keys in Pierce's pocket or in the ignition. Docket Item 136 at 20. Those keys were critical evidence for the government at trial because they linked Pierce to the upper apartment at 70 Henrietta and the controlled substances and weapons found there.

Following his arrest, Pierce was taken to the Erie County Sheriff's Office headquarters at 45 Elm Street, Buffalo, New York. Docket Item 156 at 6. At 7:30 p.m., while Pierce was in custody, New York State Supreme Court Justice Timothy Drury issued a search warrant for the upper apartment at 70 Henrietta. Docket Item 156, Exhibit H. Law enforcement officers used the keys recovered from the Equinox to gain entry. Docket Item 136 at 9. Inside, they found controlled substances and firearms. *Id.* at 12.

In his omnibus pretrial motions, Pierce's trial counsel moved to suppress physical evidence obtained from the search of 70 Henrietta. Docket Item 28 at 22. But he did not move to suppress evidence obtained from Pierce's traffic stop, the subsequent

3

search of the Equinox, or the seizure of the keys. *Id.* Pierce now contends that the failure to do so was ineffective assistance of counsel that entitles him to a new trial.

## **DISCUSSION**

A court may grant a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33. Rule 33 confers broad discretion on a trial court to avert a perceived miscarriage of justice, *see United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992), and a defendant may use a Rule 33 motion to raise a claim that counsel was ineffective, *see United States v. Brown*, 623 F.3d 104, 113 n.5 (2d Cir. 2010).

The Sixth Amendment guarantees "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To obtain relief due to the ineffective assistance of counsel, a defendant must meet the two-prong test outlined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, counsel's performance must have fallen below an objective standard of reasonableness. *Id.* at 687-88. Second, that failure must have prejudiced the outcome of the proceeding. *Id.*

Failing to file a suppression motion can amount to ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986). But a defendant "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* at 375. Moreover, the prejudice prong of the *Strickland* test is not met if a defendant cannot "show, at a minimum, that he could have prevailed on a properly pursued [suppression] motion." *McLary v.*

*Conway*, 492 Fed. Appx. 157, 159 (2d Cir. 2012); *see also Walker v. Bennett*, 262 F. Supp. 2d 25, 40 (W.D.N.Y. 2003) ("In light of the record before it, the Court cannot say that a motion to suppress [the defendant's] statement to the police would have been successful.  Because Walker has failed to demonstrate actual prejudice, his Sixth Amendment claim premised on counsel's failure to move to exclude his confession is without merit.").

Here, Pierce has not shown that a motion to suppress the fruits of the traffic stop and the search of the Equinox would have succeeded, the minimum needed to show he was prejudiced by his trial counsel's failure to make the motion.  *See Kimmelman*, 477 U.S. at 375 (defendant "must [] prove that his Fourth Amendment claim is meritorious").  Based on the record here, neither the initial traffic stop nor the subsequent search of the vehicle violated the Fourth Amendment, and Pierce has not shown otherwise.[1]

Even if law enforcement officers do not have a warrant, they may stop a person upon "probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct."  *United States v. Scopo*, 19 F.3d 777, 781 (2d Cir. 1994); *see also Arizona v. Johnson*, 555 U.S. 323, 326-27 (2009).  An "observed traffic violation" provides the necessary factual basis to justify a stop.  *Scopo*, 19 F.3d at 781 (finding law enforcement had probable cause to stop the defendant's vehicle, leading to incriminating evidence, after observing him fail to signal before changing lanes).  Here,

---

[1] The Court notes, without deciding the issue, that it is unclear whether Pierce would have had standing to challenge the stop and search of the Equinox because it was registered to his co-defendant Willis and he claimed at trial to be only test driving the vehicle.  *See* Docket Item 69; Docket item 162 at 6; *United States v. Smith*, 621 F.2d 482 (2d Cir. 1980).  This Court does not reach the issue of standing because the parties did not address it and because the Court denies Pierce's motion for other reasons.

5

the window tint of the Equinox was a traffic violation easily observed by law enforcement.  In sum, because Deputy Ferrick observed the window tint and reasonably suspected that it was too dark, the stop was justified.[2]

Moreover, even if a stop for a minor traffic offense is pretextual and the investigating officer is actually motivated to investigate something else, the stop does not violate the Fourth Amendment.  *See Whren v. United States*, 517 U.S. 806, 813 (1996).   So even if Deputy Ferrick stopped the Equinox to investigate illegal drug activity at 70 Henrietta, that would not change the analysis.  For that reason as well, Pierce has not shown that he was actually prejudiced by trial counsel's failure to challenge the stop.  *Strickland*, 466 U.S. at 687-88.

The search of the automobile likewise was justified.  Under the so-called automobile exception to the warrant requirement, if law enforcement has probable cause to believe that a vehicle contains evidence of a crime, officers may search the vehicle without a warrant.  *See Carroll v. United States*, 267 U.S. 132 (1925); *Colorado v. Bannister*, 449 U.S. 1, 3 (1980); *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004).  Probable cause exists when the facts available to law enforcement, "viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime." *Florida v. Harris*, 568 U.S. 237, 248 (2013).  Here, Detective Donovan smelled marijuana, and that odor

---

[2] Pierce questions whether the tint was illegally dark, but speculation about such evidence does not give merit to a suppression motion.

reasonably led him to suspect that a search of the Equinox would find marijuana. In fact, Detective Donovan found what he believed to be exactly that.[3]

Furthermore, the search of the Equinox that followed Pierce's arrest was justified as an inventory search. Law enforcement may search and inventory property within "automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents." *See South Dakota v. Opperman*, 428 U.S. 364, 373 (1976); *Colorado v. Bertine*, 479 U.S. 367, 372 (1987). Here, when Pierce and the only other occupant of the car both were arrested, Detective Donovan took the Equinox to the Erie County Sherriff's Office's headquarters. Docket Item 136 at 8. After transporting the vehicle, Detective Donovan inventoried the property that was in the vehicle—including the keys—and took possession of it. *Id.* Because an "inventory search is not an independent legal concept but rather an incidental administrative step," it is not unreasonable when conducted without a warrant or probable cause. *Illinois v. Lafayette*, 462 U.S. 640, 643-44 (1983).

For both these reasons—probable cause to search the stopped automobile and an inventory search after it was impounded—the search of the Equinox was justified, and Pierce has not shown that he was actually prejudiced by trial counsel's failure to challenge it. *See Strickland*, 466 U.S. at 687-88.

---

[3] Pierce questions whether the material found in the car was, in fact, marijuana, but that does not demonstrate that a suppression motion would have been successful. It is whether an officer's evaluation of the facts known to him or her at the time of the search reasonably establishes probable cause to justify the search, not whether he or she turns out to have been correct, that matters for a suppression motion. *See Illinois v. Rodriguez*, 497 U.S. 177, 185-86 (1990).

7

Pierce specifically objects to the use of the keys to unlock the front door at 70 Henrietta, the upper apartment at 70 Henrietta, and a padlock securing a door inside it. Docket Item 156 at 13. He relies on *United States v. Rodriguez*, 2011 WL 2470714, at *16 (D. Conn. June 20, 2011), where the court suppressed keys to a house because the warrant to search the vehicle in which the keys were found did not authorize the seizure of any house keys. According to the *Rodriguez* court, "if the officers discovered that Mr. Rodriguez possessed a key to the House by attempting to unlock doors to the House using keys seized from the Honda, that evidence presumably must be excluded because it resulted from 'action . . . unrelated to the objectives of the authorized intrusion,' which constituted an 'additional invasion of [Mr. Rodriguez's] privacy interest.'" *Rodriguez*, 2011 WL 2470714, at *16 (quoting *Arizona v. Hicks*, 480 U.S. 321, 325 (1987)).

Pierce's argument fails for two reasons. First, as noted above, seizure of the keys was authorized both as a search pursuant to a permissible automobile stop and as an inventory search. And using those keys to open the doors at 70 Henrietta was authorized by a warrant to search those premises. That makes this case different from *Rodriguez*, where the search warrant did not permit seizure of the house keys. *Id.* Second, Pierce's trial strategy was to distance himself from the 70 Henrietta location; so, accepting as true Pierce's contention that he had nothing to do with those premises, he did not have standing to object to the search of anything at the location. For both those reasons, the suppression motion would not likely have succeeded, and Pierce's claim of ineffective assistance of counsel based on the failure to make such a motion is therefore without merit.

Finally, even if that were not true—that is, even if the suppression motion would have been successful—Pierce's claim of ineffective assistance would fail for another reason. As noted above, the police had good reason to possess the keys as the fruit of a permissible search, and the police had a warrant to search the premises at 70 Henrietta. So even if the argument that *using* the keys to *open* the premises raises a distinct Fourth Amendment issue as Pierce contends the *Rodriguez* case suggests, the failure to raise such a novel and sophisticated argument—the merit of which is indeed open to question—does not amount to ineffective assistance of counsel. *See Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) ("The law does not require counsel to raise every available nonfrivolous defense."). For assistance of counsel to be ineffective, it must fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Failure to raise a novel argument does not fall below that standard. *See Weingarten v. United States*, 865 F.3d 48, 53 (2d Cir. 2017) ("[N]either argument was so obvious that it was unreasonable for Weingarten's counsel to forgo it.").

Pierce has not met his burden of demonstrating that trial counsel should have raised this argument, *see id.* at 52, let alone that the failure to do so "amounted to incompetence under prevailing professional norms." *Harrington v. United States*, 689 F.3d 124, 129-30 (2d Cir. 2012). "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Here, Pierce's trial counsel opted to argue that Pierce had no connection to 70 Henrietta and therefore not to challenge using the keys to search that property. In sum, Pierce's suppression argument neither rebuts his trial counsel's presumed competence nor

demonstrates that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

## CONCLUSION

The motion Pierce now suggests that his trial counsel should have made would not likely have been successful. But even if it had some merit, his counsel did not fall below the objective standard of reasonableness in failing to make it. For either and both of these reasons, Pierce's Rule 33 motion for a new trial due to ineffective assistance of counsel is DENIED.

SO ORDERED.

Dated:   February 6, 2019
         Buffalo, New York


                                    *s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE