UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISIAH PIERCE,

        Petitioner,

   v.                                 23-CV-378
                                        17-CR-32
UNITED STATES,               DECISION & ORDER

        Respondent.

---

The pro se petitioner, Isiah Pierce, has moved to vacate his conviction under 28 U.S.C. § 2255. Docket Item 258.[1] For the reasons that follow, the motion is denied.

## **BACKGROUND**

On May 4, 2017, Pierce was indicted on nine counts of narcotics and firearms offenses. *See* Docket Item 32. The charges were based on narcotics and firearms recovered during a search of two apartments at 70 Henrietta Avenue, Buffalo, New York, and from narcotics found in a police interview room where Pierce had been placed after his arrest at a traffic stop. *See* Docket Item 1 at 5-6; Docket Item 32 at 2-4, 9. In April 2017, Pierce moved to suppress "any evidence or derivative evidence" from the search of 70 Henrietta, Docket Item 28 at 22, and this Court denied that motion, *see* Docket Items 38 and 40.

---

[1] The citations are to the criminal docket, 17-CR-32, and page numbers refer to ECF pagination.

On November 22, 2017, a jury convicted Pierce on seven counts: possessing certain narcotics with intent to distribute (counts 2-5), maintaining drug involved premises (count 6), possessing firearms in furtherance of drug trafficking (count 7), and possessing firearms and ammunition after having been convicted of a felony (count 8). Docket Item 72. The jury found Pierce not guilty on the other two counts: narcotics conspiracy (count 1) and possessing cocaine base with intent to distribute it (count 12). *Id.*

Following the jury verdict, Pierce moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, claiming that "[t]he [g]overnment [had] presented insufficient evidence" on all counts of the conviction. Docket Item 81 at 3. Pierce also moved for a new trial under Federal Rule of Criminal Procedure 33 based on the sufficiency of the evidence and ineffective assistance of counsel. *See* Docket Item 118 at 2; Docket Item 156. The Court denied both of Pierce's post-trial motions. *See* Docket Items 94 and 172.

On April 5, 2019, this Court sentenced Pierce to a total term of imprisonment of 168 months. *See* Docket Item 181. Five days later, Pierce appealed, *see* Docket Items 182 and 220, and the United States Court of Appeals for the Second Circuit eventually affirmed his convictions, *see United States v. Willis*, 14 F.4th 170, 190 (2d Cir. 2021); Docket Item 220.[2] Pierce then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on April 25, 2022. *See Pierce v. United States*, 142 S.Ct. 2660 (2022) (mem.).

---

[2] The Second Circuit remanded for a recalculation of Pierce's co-defendant's sentence, however. *Willis*, 4 F.4th at 177.

Pierce then moved to vacate his conviction under 28 U.S.C. § 2255. *See* Docket Item 258 at 1. He asserts that his "[c]onviction [was] obtained by evidence pursuant to [an] unconstitutional search and seizure and arrest"; that his "[c]onviction [was] obtained by use of evidence obtain[ed] by unlawful arrest"; and that "the [g]overnment never proved [that he] had knowledge of any [of] the counts." *Id.* at 4-5. The government responded on July 5, 2023. *See* Docket Item 270. Pierce did not reply, and his time to do so has passed. *See* Docket Item 262.

On January 17, 2025, President Joseph R. Biden commuted Pierce's sentence to expire on July 16, 2025. *See* Docket Item 271.

## **DISCUSSION**

Pierce seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A court may dismiss a section 2255 petition without first conducting a hearing if the petition and record "conclusively show" that the petitioner is not entitled to the relief he seeks. *Id.* § 2255(b).

Pierce raises several arguments in support of his motion. *See* Docket 258 at 4-5. First, he argues that his conviction was based on evidence obtained through an "unconstitutional search and seizure and arrest." *Id.* at 4. More specifically, Pierce says that he "was unconstitutional[l]y arrested on a case that [he] was not a[ ]part of" and that

3

"the drugs found should not ha[ve] been attributed to [him]." *Id.*  Pierce also argues that he was "unconstitutional[ly] arrested at a traffic stop for a substance that [was] not . . . marijuana" and was never chemically tested; therefore, he says, any related evidence should have been excluded as fruit of the poisonous tree. *Id.* at 5.  Finally, Pierce argues that "the [g]overnment never proved [that he] had knowledge of any [of] the counts" and that an "officer got on the stand at tr[ia]l and said [that the officer had not been ]part of the investigation." *Id.* (internal quotation marks omitted).

I.   **STONE V. POWELL**

The government first argues that Pierce's claims are barred by *Stone v. Powell*, 428 U.S. 465, 482 (1976).  *See* Docket Item 270 at 5-7.  In *Stone*, the Supreme Court held that "where the [s]tate has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  428 U.S. at 482.

The government assumes that *Stone* applies to section 2255 motions, *see* Docket Item 270 at 5-7, but that remains an open issue in the Second Circuit.  *See Laaman v. United States*, 973 F.2d 107, 114 (2d Cir. 1992) ("we need not and do not consider . . . whether petitioners' Fourth Amendment claims are cognizable on [section] 2255 review" in light of *Stone*); *see also, e.g.*, *Dodakian v. United States*, 2015 WL 11144511, at *8 (S.D.N.Y. Aug. 14, 2015) ("Following *Stone*, courts have differed on whether *Stone*'s Fourth Amendment bar applies to [section] 2255 petitions, and the Court of Appeals for the Second Circuit has not weighed in on the matter."), *report and recommendation adopted*, 2016 WL 3866581 (S.D.N.Y. July 12, 2016).  And other

4

circuits have reached differing conclusions. *Compare Ray v. United States*, 721 F.3d 758, 761-62 (6th Cir. 2013) ("We see no reasoned basis to distinguish between [section] 2254 and [section] 2255 when applying the Supreme Court's holding in *Stone*."), *with Baranski v. United States*, 515 F.3d 857, 859-60 (8th Cir. 2008) (holding that *Stone* does not bar Fourth Amendment claim on section 2255 review because "the supervisory power of federal appellate courts over district courts is broader than its authority to review state court decisions under [section] 2254"). Regardless, this Court need not decide whether *Stone* precludes Pierce's claims, as both this Court and the Second Circuit already have found those claims to be without merit.

## II.  PREVIOUSLY LITIGATED CLAIMS

"[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Cabrera v. United States*, 972 F.2d 23, 25 (2d. Cir. 1992) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)). This rule prevents re-litigation "not only of matters expressly decided by the appellate court[] but also . . . of issues impliedly resolved by the appellate court's mandate." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). Additionally, "[w]here a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a [section] 2255 motion only if the defendant can demonstrate either: (1) 'cause for failing to raise the issue, and prejudice resulting therefrom,' or (2) 'actual innocence.'" *Rosario v. United States*, 164 F.3d 729, 732 (2d. Cir. 1998) (internal citation omitted) (first quoting *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir. 1993); and then quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Before trial, Pierce moved to suppress "any evidence or derivative evidence" from the search at 70 Henrietta Avenue. Docket Item 28 at 22. After trial, Pierce's Rule 29 motion challenged the sufficiency of the government's evidence, *see* Docket Item 81 at 3, and his Rule 33 motion argued that that evidence used against him at trial was unlawfully obtained, *see* Docket Item 118-1 at 1-2. This Court denied all those motions, *see* Docket Items 38, 40, 94, and 172, and the Second Circuit affirmed, explicitly noting that "the government's evidence of guilt on nearly all counts was substantial." *Willis*, 14 F.4th at 180.

In this 2255 motion, Pierce again asserts that the evidence used against him was obtained unlawfully and that the evidence presented at trial was insufficient to support a conviction. *See* Docket 258 at 4-5. But the Second Circuit already has found—in so many words—that the government's evidence was sufficient. *Willis*, 14 F.4th at 180. And while Pierce asserts that he did not raise his Fourth Amendment claims on appeal, he provides no "cause" for not raising them or "prejudice" that might entitle him to raise them now. *See Rosario*, 164 F.3d at 732.

Therefore, because Pierce's 2255 motion raises issues that already have been decided by this Court and either could have been raised on appeal or were raised and rejected by the Second Circuit, his section 2255 motion is denied. *See Batista v. United States*, 2018 WL 1556880, at *5 (E.D.N.Y. Mar. 30, 2018) (denying petitioner's section 2255 motion because the "arguments are simply thinly veiled attempts to relitigate the same issues previously decided by this Court, both during trial and post-verdict motion practice, and affirmed by the Second Circuit").

6

**CONCLUSION**

For the reasons set forth above, Pierce's motion to vacate his conviction under 28 U.S.C. § 2255, Docket Item 258, is DENIED. His petition in W.D.N.Y. Docket No. 23-CV-378 is DISMISSED and the Clerk of the Court shall close that case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

Pierce must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date this decision and order. *See Williams v. United States*, 984 F.2d 28, 31 (2d Cir. 1993). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   April 25, 2025
          Buffalo, New York

                                     */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE